IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv156

| | | |
|---|---|---|
| CTS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| MILLS GAP ROAD ASSOCIATES; FREDERIC SLOSMAN; JOHN POWELL; and STANLEY H. GREENBERG, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiff's Motion to Dismiss the defendants' purported counterclaims, which were contained in and made a part of defendants' Answer. Earlier, this court granted plaintiff's Motion to Strike defendant's Answer, as it was not in compliance with Rule 8, with leave to file a new Answer within 14 days. Inasmuch as the Answer is now stricken, defendants' counterclaims contained therein are also no longer before the court.[1] Taylor v. Abate,

---

[1] Not only were the counterclaims contained in the Answer, they were dependent on and incorporated paragraphs of the now-stricken Answer. The court has attempted to address the Motion to Dismiss, but found that the striking of the Answer interfered with such consideration.

-1-

1995 WL 362488, *2 (E.D.N.Y.1995)[2] ("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same).

The court has, however, closely read plaintiff's Motion to Dismiss as well as the briefs filed in support, opposition, and reply.  It would appear that serious obstacles stand in defendants way to asserting counterclaims for trespass and nuisance against a previous owner of the land, who conveyed the land some 23 years earlier, and at least nine years since the contamination was discovered.  As to the claim sounding in nuisance, plaintiff argues in its Reply that "[d]efendants fail to cite any North Carolina case, and CTS has been unable to find one, supporting a nuisance claim under similar alleged facts . . . ." Reply (#19), at p. 4.  The undersigned concurs with plaintiff that there are no reported cases North Carolina cases concerning the

---

[2] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

maintenance of an action in nuisance against a prior landowner who allegedly contaminated their own land. The court did, however, find one reported case that is very similar, involving a purchaser of land suing the previous owner for nuisance based on contamination of the land. In KFC Western, Inc. v. Meghrig, 23 Cal.App.4th 1167 (Cal.App. 2 Dist.1994), the California Court of Appeal, Second District, Division Three, held, as follows:

> The Meghrigs do not contend the alleged soil contamination does not fall within the statutory definition of nuisance. Instead, the Meghrigs argue KFC cannot state a cause of action for private nuisance because the Meghrigs consented to the use of their own land and there was no invasion of another's interest in the use and enjoyment of the land. In other words, the Meghrigs submit they were entitled to contaminate their own property. The argument fails.
> Under *Newhall Land & Farming Co., supra*, 19 Cal.App.4th at pages 341-345, 23 Cal.Rptr.2d 377, a landowner may state a cause of action for a private continuing nuisance against a previous owner whose activity contaminated the property.
> In *Newhall* the defendants similarly argued "that, since they were the owners of the property at the time of the contamination, they could not be found liable to themselves for creating a nuisance. Consequently, ... Newhall, as a successor-in-interest, [could not] state a nuisance claim against them arising out of that contamination. According to [the defendants], there cannot be a continuing nuisance where no nuisance existed at the inception of the wrongful condition." ( Newhall, supra, 19 Cal.App.4th at p. 344, 23 Cal.Rptr.2d 377.)
> *Newhall* found "a fundamental flaw in this argument. Regardless of whether a potential plaintiff existed at the time of the contamination, the fact remains that [defendants'] conduct created a condition on the property which was, and which remains, injurious to health. Once [defendants] sold their interests without disclosing the contamination, other parties became involved who, upon discovery of the contamination, could bring a claim against [defendants] in an attempt to

> force them to accept responsibility for their creation of a nuisance. [I]n the context of this case, the time of the creation of the nuisance is immaterial with respect to [defendants'] liability." ( *Newhall*, *supra*, 19 Cal.App.4th at p. 344, 23 Cal.Rptr.2d 377.)
>
> Pursuant to *Newhall's* rationale, the Meghrigs' status as former owners does not immunize them from a nuisance action arising from their activity on the property.

Id., at 1178-1179 (footnote omitted; brackets in the original). The case also discusses the viability of a claim for trespass, trespass based on nuisance, and the operation of a three year statute of limitations. Further complicating matters, it appears that California is a "code pleader" state inasmuch as the elements of tort appear to be codified rather than derived from the common law.

The court advises the parties of the existence of the decision in KFC so that any subsequent motion to dismiss and response thereto can address the impact, if any, of case law from other jurisdictions in the absence of decisions from North Carolina.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Dismiss the defendants' counterclaims (#10) is **DENIED** without prejudice as **MOOT**.

Signed: November 3, 2010

Dennis L. Howell
United States Magistrate Judge