IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10-CV-156-GCM

| | |
|---|---|
| CTS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MILLS GAP ROAD ASSOCIATES, et al., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court upon the Defendants' Motion for Partial Summary Judgment [Doc. No. 54]; Plaintiff's Motion for Summary Judgment [Doc. No. 57]; and on the Memorandum and Recommendation of the Honorable Dennis L. Howell, United States Magistrate Judge, (Doc. No. 68) regarding the disposition of those motions. Plaintiff brought this action against Defendants asserting claims for breach of contract, declaratory relief and payment on a promissory note. Defendant's move for partial summary judgment on two of Plaintiff's claims. Plaintiff moves for summary judgment on all of its claims. By Memorandum and Recommendation (M & R), Magistrate Judge Howell recommends that this Court deny both motions. The parties were advised that pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the memorandum and recommendation must be filed within 14 days after service of the memorandum. On December 3, 2012, both Plaintiff and Defendants submitted timely objections to the Memorandum and Recommendation, (Doc. Nos. 69 and 70) and on December 20, 2012, Plaintiff and Defendants filed reply briefs. (Doc. Nos. 71 and 72).

1

## I. Background

The Court adopts the background material presented in the Memorandum and Recommendation. (Doc. No. 68 at 1-10).

## II. Applicable Standard

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4 Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

## III. Discussion

Because both parties have objected to the findings of the magistrate judge, this Court conducts a *de novo* review. To begin, the Defendants first object to the Recommendation's failure to recommend entry of summary judgment in part in favor of the Defendants as to Plaintiff's claims regarding shared costs incurred to perform work

under the 2004 Administrative Order. The Recommendation noted that if the Defendants had moved for summary judgment on these claims, "the Court would have recommended that the District Court grant such a motion as there is no question of material fact that Plaintiff is not entitled to the relief requested in the Amended Complaint as to these claims." (Doc. No. 68 at 16 n.3). Despite Defendants omission to file a formal cross-motion for summary judgment on these claims, the Defendants now ask, in the interest of justice and citing to Federal Rule of Civil Procedure 56(f) for support, that they be permitted a reasonable opportunity to present further evidence material to the construction of the Deed of Trust and Site Participation Agreement as to these issues so that summary judgment may be granted. The Court is aware that Plaintiff objects to this request but also notes that the issues are unavoidable in that the Court will either address them now on summary judgment or on a Rule 50 motion at trial. Therefore, in the interest of judicial economy and in order to narrow the issues for trial, the Court will allow Defendants to move for summary judgment only as to these issues. Such motion should be filed on or before February 1, 2013. A response and reply brief will be permitted as provided in the Rules of Civil Procedure. Such motion will be referred to Magistrate Judge Howell for a Memorandum and Recommendation as appropriate. A trial date will be set after this Court has had an opportunity to review the Memorandum and Recommendation.

    The Court has reviewed and fully considered all of the remaining objections to the Magistrate's Memorandum and Recommendation as well as the underlying record and

concludes that the recommendations contained the Memorandum and Recommendation are correct and in accordance with the law. Therefore, the Court concludes that the recommendation to deny Defendants' Motion for Partial Summary Judgment and Plaintiff's Motion for Summary Judgment is correct and in accordance with the law. Accordingly, the findings and conclusions of the magistrate are accepted.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation of Magistrate Judge Howell is hereby AFFIRMED and Defendants' Motion for Partial Summary Judgment (#54) is **DENIED** and Plaintiff's Motion for Summary Judgment is DENIED (Doc. No. 57). **IT IS FURTHER ORDERED that the Defendants may file an amended Motion for Summary Judgment, only as indicated in this Order, on or before February 1, 2013. Such motion shall be referred to Magistrate Judge Howell for a Memorandum and Recommendation. The trial, currently set to begin on February 25, 2013 in Asheville, will be rescheduled. The court will set the new trial date by order at a later date.**

**SO ORDERED**.

Signed: January 7, 2013

Graham C. Mullen
United States District Judge