IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10-CV-156-GCM

| | | |
|---|---|---|
| CTS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MILLS GAP ROAD ASSOCIATES, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon the Defendants' Amended Motion for Partial Summary Judgment [Doc. No. 75]; and on the Memorandum and Recommendation of the Honorable Dennis L. Howell, United States Magistrate Judge, [Doc. No. 81] regarding the disposition of this motion.

Previously, Plaintiff moved for summary judgment on all of its claims, and Defendants moved for partial summary judgment on two of Plaintiff's claims. Magistrate Judge Howell entered a Memorandum and Recommendation that this Court deny the Motions. [Doc. No. 68]. Both parties objected. [Doc. Nos. 69 and 70]. Upon review of the Memorandum and Recommendation and the parties' Objections, this Court accepted the Memorandum and Recommendation and denied the parties' motions. This Court also granted Defendants leave to file an amended motion for summary judgment in part on Plaintiff's First and Second claims. [Doc. No. 68].

Defendants filed an Amended Motion for Partial Summary Judgment. [Doc. No. 75]. On July 8, 2013, Magistrate Judge Howell filed a Memorandum and Recommendation in which he recommends that this Court grant Defendant's Motion. [Doc. No. 81]. The parties were advised

that pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the memorandum and recommendation must be filed within 14 days after service of the memorandum. On July 25, 2013, Plaintiff submitted timely objections to the Memorandum and Recommendation, [Doc. No. 82] and on July 25, 2013, Defendants filed a reply brief. [Doc. No. 83].

## I.      Background

The Court adopts the background material presented in the Memorandum and Recommendation. [Doc. No. 81 at 2-10].

## II.      Applicable Standard

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4 Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." *Id.* Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Camby*, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case.

**III.    Discussion**

Plaintiff objects to the Magistrate's Recommendation and contends that "the Magistrate Judge failed to properly consider (1) the Court's prior determination that MGRA defaulted under the Deed of Trust that is expressly required in the Agreement's "Shared Costs" provision; (2) the interrelationship between the obligations of CTS with regard to advancing MGRA's portion of the Shared Costs and the obligations of MGRA pursuant to the required, contemporaneously executed Note and Deed of Trust, and (3) the other questions of material fact the Court has previously determined exist as to whether Defendants have breached other material provisions of the Agreement (specifically, the indemnity obligation contained in Section XIII.D of the Agreement)." [Doc. No. 82 at 10]. The Plaintiff argues that the Magistrate Judge should have determined that there are material facts that preclude granting Defendants' motion. Generally, Plaintiff objects mainly on the grounds that there existed a material issue of fact as to whether the Defendants' alleged default under the Note and Deed of Trust constituted a breach of the Shared Cost obligations under the Site Participation Agreement.

The Plaintiff also objects to Judge Howell's recommendation to strike CTS's Memorandum of Opposition. Plaintiff concedes that it "devoted substantial argument as to why the evidence supported a ruling in favor of CTS, as opposed to Defendants, CTS's argument was still intended as its direct response to Defendants' amended motion and not as any new motion by CTS". [Doc. No. 82 at 20]. CTS argues that the arguments it made in the memorandum were made in the good faith belief that they were proper

arguments in response to Defendants' Amended Motion.

The undersigned has reviewed CTS's Memorandum of Opposition and in conducting this de novo review considered the arguments made therein.[1]  Therefore, Plaintiff's arguments advanced in its Memorandum of Opposition were given consideration despite Judge Howell recommending that the document be stricken. The Court has reviewed and fully considered all of the Plaintiff's objections to the Magistrate's Memorandum and Recommendation noted above and in the Plaintiff's filing as well as the underlying record including Plaintiff's Memorandum of Law in Opposition to Defendant's Further Motion for Summary Judgment, and concludes that the recommendations contained the Memorandum and Recommendation are correct and in accordance with the law.   Therefore, the Court concludes that the recommendation to **GRANT** Defendants' Amended Motion for Partial Summary Judgment [Doc. No. 75] as to Counts One and Two on the issue of whether Defendants breached the Site Participation Agreement by failing to pay the portion of the Shared Costs that Plaintiff has paid to date and whether Plaintiff is entitled to a declaratory judgment that Defendants are obligated to pay additional Shared Costs as the arise in the future is accepted.  The Court concurs with the magistrate's recommendation and finds that it is through, well-reasoned, correct and in accordance with the law.  Accordingly, the findings and conclusions of the magistrate are accepted.

---

[1] The Court considered Plaintiff's arguments in opposition to Defendant's Amended Motion for Partial Summary Judgment.  To the extent that Plaintiff argued that it is entitled to summary judgment with regards to the Defendant's Shared Costs obligations and requested that the Court enter declaratory judgment in its favor, this Court has already denied Plaintiff's Motion for Summary judgment on the same.

## IV.    ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation of Magistrate Judge Howell is hereby AFFIRMED and Defendants' Amended Motion for Summary Judgment [Doc. No. 75] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties confer regarding an agreeable date and time for a telephonic status conference with the Court between the dates of September 23, 2013 and October 11, 2013, excluding September 30 through October 4, 2013.  The parties shall agree upon a few dates within that time frame and call the Court within ten (10) days of the date of this Order to advise the Court as to the agreed upon dates.  The Court will then select one of the agreed upon dates and set the case for a telephonic status conference.  The parties should be prepared to discuss what claims remain in this case and a schedule on how to proceed with those claims including a timeline for trial.

**SO ORDERED**.

Signed: August 20, 2013

Graham C. Mullen
United States District Judge